United States District Court
Southern District of Texas
**ENTERED**
June 04, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID DEWAYNE HOLMES, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | Criminal Action No. H-11-679-11 |

## ORDER

Pending before the Court is Defendant's Motion to Amend 28 U.S.C. § 2255 (Criminal Document No. 928). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied.

## I. BACKGROUND

On May 16, 2012, a federal grand jury returned an 18-count Second Superseding Indictment against David Dewayne Holmes ("Holmes") and eleven other defendants. Holmes was charged with one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count 1), one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count 2), two counts of aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2133(a) and 2 (Counts 11 and 13), and two counts of aiding and abetting the use of

a firearm in furtherance of a crime of violence by brandishing a firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts 12 and 14).

On May 30, 2013, Holmes pleaded guilty to Counts 2, 11, and 12 of the Second Superseding Indictment pursuant to a written plea agreement. On December 18, 2013, the Court sentenced Holmes to "a term of 22 months as to Count 2, 240 months as to Count 11, to run consecutively, followed by a consecutive term of 84 months as to Count 12, for a total term of 346 months."[1] The Court also ordered Holmes be placed on supervised release for a total term of five years, pay restitution in the amount of $27,031.00, and pay a special assessment of $300.

Holmes filed a timely notice of appeal to the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit"). On September 18, 2014, the Fifth Circuit dismissed Holmes's appeal. On July 28, 2016, Holmes filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (the "2016 § 2255 Motion"). On September 19, 2016, the Government moved for summary judgment, and alternatively, to dismiss. On March 23, 2018, the Court denied the 2016 § 2255 Motion and granted the Government's motion for summary judgment. On

---

[1] *Transcript of Sentencing Before the Honorable David Hittner*, Criminal Document No. 687 at 8.

September 17, 2020, Holmes filed a *pro se* motion to amend the 2016 § 2255 Motion.

## II. LAW & ANALYSIS

Holmes contends this Court should allow him to amend the 2016 § 2255 Motion to include an argument that *Descamps v. United States*, 570 U.S. 254 (2013), invalidates his § 924(c) conviction.[2] Habeas applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 allows a party to amend a pleading once as a matter of course within 21 days after serving it or 21 days after a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, he may only amend with the opposing party's written consent or with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a movant must seek leave to amend prior to dismissal of his § 2255 motion. *See United States v. Hernandez-Zavala*, 984 F.3d 457, 459 n.2 (5th Cir. 2021).

In the 2016 § 2255 Motion, Holmes asserted that his § 924(c) conviction should have been dismissed because bank robbery was no longer a crime of

---

[2] Holmes also contends he should be allowed to amend the 2016 § 2255 Motion under the authority of *Castro v. United States*, 540 U.S. 375, 377 (2003). In *Castro*, the Court held a *pro se* litigant should have the opportunity to amend his initial motion when it was recharacterized improperly or without prior warning. *Id.* Because Holmes seeks to amend the 2016 § 2255 Motion, which was characterized as a § 2255 motion from the onset, his reliance on *Castro* is misplaced.

3

violence pursuant to *Johnson v. United States,* 576 U.S. 591 (2015).[3] On March 23, 2018, this Court denied the 2016 § 2255 Motion on the merits, finding Holmes's waiver of post-conviction appeal in his plea agreement valid and enforceable.[4] On September 17, 2020, more than two years after the Court dismissed the 2016 § 2255 Motion, Holmes moved to amend the 2016 § 2255 Motion to assert an argument that his § 924(c) conviction is invalid based on *Descamps*.[5] Considering the Court's prior ruling as to the merits of the 2016 § 2255 Motion and Holmes's timing for filing the motion to amend, the Court finds amendment of the 2016 § 2255 Motion is untimely. Accordingly, the motion to amend is denied.[6]

---

[3] *Motion to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody Under 28 U.S.C. § 2255,* Criminal Document No. 844 at 13.

[4] *Order,* Document No. 878 at 5.

[5] In *Descamps,* the defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g). 570 U.S. at 258. The district court enhanced his sentence under the Armed Career Criminal Act ("ACCA") by finding he had three prior convictions, including a burglary conviction under California Law. *Id.* at 259. The Supreme Court reversed the lower courts and held Descamps's conviction under the California statue did not qualify as an ACCA predicate conviction, because it did not contain a requisite element of generic burglary. *Id.* at 277.

[6] As an attachment to the motion to amend, Holmes produces an application to proceed with a second or successive motion under 28 U.S.C. § 2255(h)(2). A petitioner is generally permitted to file only one § 2255 motion and may not file a "second or successive" § 2255 motion without obtaining authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h); *United States v. McDaniels,* 907 F.3d 366, 369 (5th Cir. 2018). If a second habeas petition is filed in the district court without authorization it must be dismissed for lack of jurisdiction. *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000). There is nothing in the record indicating Holmes has received permission from the Fifth Circuit to file a second or successive § 2255 motion. Therefore, to the extent Holmes's motion to amend can be characterized as a second or successive § 2255

## III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that the Defendant's Motion to Amend 28 U.S.C. § 2255 (Criminal Document No. 928) is **DENIED**.

SIGNED at Houston, Texas, on this 4 day of June, 2021.

 DAVID HITTNER
 United States District Judge

---

motion, it is dismissed without prejudice. However, the Court notes that Holmes may file a second or successive motion under 28 U.S.C. § 2255 with this Court after obtaining proper authorization from the Fifth Circuit.